JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEAN HIMBLER AVILES,                          ) Case No. CV 20-3057-JGB (JPR)
                                              )
                        Plaintiff,            )
                                              ) ORDER SUMMARILY REMANDING
              v.                              ) IMPROPERLY REMOVED ACTION
                                              )
MARIA YESENIA AVILES et                       )
al.,                                          )
                                              )
                        Defendants.           )
                                              )

     The Court summarily remands this child-support action to
state court because Dean Aviles removed it here improperly.

     On April 1, 2020, Aviles filed a "Complaint . . . and Notice
of Removal," purporting to remove Los Angeles County Superior
Court case number BZ192020 — a 2015 child-support action — to
this Court.  (Compl. at 1; see id. at 2-3, 8-9, 16-18; Civ. Cover
Sheet at 1.)[1]  He sues Maria Aviles,[2] "an original party" and
"other parent" in the child-support case, and eight additional

---

     [1] For nonconsecutively paginated documents, the Court uses the
pagination generated by its Case Management/Electronic Case Filing
system.

     [2] When the Court refers to "Aviles," it means Dean.

1

1  parties, including Los Angeles County and related local and state
2  agencies.  (Compl. at 2-3.)

3      Remand is necessary because, among other reasons, Aviles
4  does not competently allege facts supplying either diversity or
5  federal-question jurisdiction.  28 U.S.C. § 1441(a); see Exxon
6  Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563 (2005).
7  Aviles and Maria Aviles are citizens of California.  (See Compl.
8  at 1-2; Civ. Cover Sheet at 1.)  The local-government parties
9  are, for purposes of diversity jurisdiction, also citizens of
10 California.  See Moor v. Alameda Cnty., 411 U.S. 693, 721 (1973).
11 Thus, there is no complete diversity of citizenship.  See
12 §§ 1332, 1441(b).  Nor has Aviles properly invoked the Court's
13 federal-question jurisdiction, alleging only that the "acts
14 complained of raise federal questions."  (Compl. at 3; see also
15 Civ. Cover Sheet at 1 (indicating "federal question" as "basis of
16 jurisdiction").)  But the child-support action he purports to
17 remove raises no federal issues.  See Cnty. of San Bernardino v.
18 McClain, No. ED CV 18-0202 CJC (JCG), 2018 WL 4694042, at *1
19 (C.D. Cal. Feb. 6, 2018) ("The County is seeking to collect child
20 support payments from Defendant pursuant to the California Family
21 Code, which arises under state law and does not depend upon the
22 resolution of a substantial question of federal law."); see also
23 §§ 1331, 1441(a); Minasyan v. Gonzales, 401 F.3d 1069, 1077 (9th
24 Cir. 1992) (noting that federal courts' "deference to state law"
25 in areas of domestic relations is "[s]o strong" (citation
26 omitted)).

27      To the extent Aviles wants to bring a separate civil-rights
28 lawsuit in this Court relating to the state-court child-support

1  action, he may attempt to do so without removing that case here.

2  But given that most of his allegations concern the state-court

3  judgment obligating him to pay child support and Maria Aviles's

4  efforts to enforce that ruling, any such lawsuit would likely be

5  barred by the Rooker-Feldman doctrine. See Bell v. City of

6  Boise, 709 F.3d 890, 897 (9th Cir. 2013) ("The Rooker-Feldman

7  doctrine forbids a losing party in state court from filing suit

8  in federal court complaining of an injury caused by a state court

9  judgment, and seeking federal court review and rejection of that

10  judgment."); Troy of Family Carslake v. Dep't of Child Support

11  Servs., No. 18-CV-06176-YGR, 2019 WL 2142036, at *7 (N.D. Cal.

12  May 16, 2019) (Rooker-Feldman barred claim when plaintiff

13  requested that federal court "terminate . . . child support

14  collection case against him," "remove all negative credit reports

15  submitted in an effort to enforce . . . child support

16  obligation," and "dismiss, terminate and void ALL family court

17  orders" (emphasis in original)).

18      Plaintiff alleges that Maria Aviles acted "deceitfully" by

19  failing to "disclose[]" the child-support action, thereby

20  preventing him from appearing in it. (Compl. at 5.) But he did

21  appear in that action, albeit belatedly, and in 2017 moved to set

22  aside the judgment. See Online Servs., Super. Ct. of Cal., Cnty.

23  of L.A. (search for case no. BZ192020), http://www.lacourt.org/

24  casesummary/ui/index.aspx?casetype=civil (last visited Apr. 28,

25  2020). Thus, Rooker-Feldman would likely still bar any action

26  here challenging the child-support judgment. See Howard v. RJF

27  Fin., LLC, No. CV-11-1213-PHX-GMS., 2012 WL 170904, at *4 (D.

28  Ariz. Jan. 20, 2012) (Rooker-Feldman applied when plaintiff had

"full and fair opportunity" to raise fraud allegations in state court that entered default judgment against him, as evidenced by his filing postjudgment motion there), aff'd, 538 F. App'x 824 (9th Cir. 2013); cf. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 860 (9th Cir. 2008) (Rooker-Feldman applied when state court, after considering plaintiffs' fraud claims, declined to vacate default judgment against them).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to Los Angeles County Superior Court, Central Civil West Courthouse, 600 South Commonwealth Avenue, Los Angeles, California 90005, for lack of subject-matter jurisdiction under § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of it on the parties.

DATED: April 30, 2020

JESUS G. BERNAL
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

4